1  Vanessa W. Vallarta, City Attorney #142404
   Susan J. Matcham, Assistant City Attorney #79562
2  OFFICE OF THE CITY ATTORNEY
   200 Lincoln Avenue
3  Salinas, CA 93901
   Telephone:  (831) 758-7256
4  Facsimile:  (831) 758-7257

5  Vincent P. Hurley #111215
   Amanda Cohen #243946
6  LAW OFFICES OF VINCENT P. HURLEY
   A Professional Corporation
7  38 Seascape Village
   Aptos, California 95003
8  Telephone:  (831) 661-4800
   Facsimile:  (831) 661-4804

9
   Attorneys for Defendants
10 CITY OF SALINAS, CITY OF SALINAS POLICE CHIEF DANIEL ORTEGA,
   POLICE OFFICER STEVEN MATTOCKS, and
11 POLICE OFFICER ROBERT BALAORO

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14
   _____
15 MARIA IRMA DELA TORRE            )   Case No: C09-00626 RMW
   DECEASED, THROUGH HER            )
16 SUCCESSOR IN INTEREST, JOSE      )   DEFENDANTS' RESPONSES TO
   MAXIMILIANO LICEA ABACA; MARIA   )   PLAINTIFF MARIA DELA TORRE'S
17 DELA TORRE, individually; and JOSE )  FIRST REQUEST FOR PRODUCTION
   MAXIMILIANO LICEA ABACA,         )   OF DOCUMENTS AND THINGS
18 individually                     )
                                    )
19            Plaintiffs,           )
                                    )
20     vs.                          )
                                    )
21                                  )
   CITY OF SALINAS, a public entity, CITY )
22 OF SALINAS POLICE CHIEF DANIEL   )
   ORTEGA in his individual and official )
23 capacities, POLICE OFFICER STEVEN )
   MATTOCKS, Individually, POLICE   )
24 OFFICER ROBERT BALAORO,          )
   Individually, and DOES 1 through 10, )
25 Jointly and Severally,           )
                                    )
26            Defendants.           )
   _____)
27

28

                                      1

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)          Case No. C09-00626 RMW

1   PROPOUNDING PARTY:          Plaintiff MARIA DELA TORRE

2   RESPONDING PARTY:           Defendants CITY OF SALINAS, et al.

3   SET NUMBER:                 One

4       Pursuant to Federal Rule of Civil Procedure 34, Defendants CITY OF SALINAS, CITY

5   OF SALINAS POLICE CHIEF DANIEL ORTEGA, POLICE OFFICER STEVEN

6   MATTOCKS, and POLICE OFFICER ROBERT BALAORO respond to Plaintiff MARIA

7   DELA TORRE's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

8   on the basis of information now known and said responses are given without prejudice to

9   producing at trial subsequently discovered information or information omitted as a result of good

10  faith oversight.

11  REQUEST NO. 1:

12      Any and all DOCUMENTS regarding the incident(s) described in the Complaint and any

13  investigation and/or follow-up to the incident(s), including but not limited to:

14      (a)    police reports, incident reports, accident reports, investigation reports,

15              administrative reports, and all other reports;

16      (b)    all documentation concerning statements of and/or interviews with witnesses,

17              informants, law enforcement officers, and any party to this case, whether written,

18              transcribed, recorded, or in any other format (if statements or interviews exist in

19              more than one format, i.e. transcribed and tape recorded, produce them in each

20              format);

21      (c)    all documentation concerning witnesses, including lists of witnesses and notes of

22              witness interviews and/or contacts, preliminary and otherwise;

23      (d)    all documentation regarding the use of any force, any weapon, any defensive

24              tactic, and/or any control device against Plaintiff, including any and all follow-up

25              investigation, reports, and related DOCUMENTATION;

26      (e)    all dispatch 911, and any other radio tapes, telephone tapes and/or transmissions

27              (if this information exists in more than one format, i.e. transcribed and tape

28

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                  Case No. C09-00626 RMW

1   recorded, produce it in each format), and all documentation relating to such

2   tapes/transmissions, including CAD notes/reports;

3   (f)   all evidence (please let counsel know when physical evidence may be inspected

4         and photographed) and documentation regarding evidence, including but not

5         limited to evidence lists, evidence tags, and property logs.

6   (g)   all lab records, including but not limited to evidence sheets, evidence tags, lab

7         requests, testing, studies, raw data, analysis, reports, conclusions, and chain of

8         custody logs;

9   (h)   all medical and/or injury records concerning Plaintiff;

10  (i)   all photographs, video tapes, audio tapes, drawings, sketches, and all other

11        recordings and/or depictions;

12  (j)   all logs, daily activity sheets, dispatch information, notes, memoranda, e-mails,

13        computer records, correspondence, and all other DOCUMENTATION compiled

14        and/or kept in any format;

15  (k)   complete documentation of any and all investigation and/or review of this

16        incident by or for the Salinas Police Department, by or for "Internal Affairs' or

17        similar entity, by the Salinas Police chief or anyone on his behalf, by any shooting

18        review board or similar entity, by or for any prosecutor, and by or for any law

19        enforcement agency (By "complete documents," this requests (sic) includes ALL

20        documentation of any such investigation(s) and/or review(s) from start to finish,

21        including but not limited to all records of investigation and/or fact finding, all

22        records of review and/or analysis, all records of any meetings or communications

23        related thereto, all records of any recommendations, all records of any disposition

24        and/or conclusion, all records of any discipline or changes in policy or training,

25        all records of any shooting review board of administrative review body, and all

26        other records);

27  (l)   records provided to any prosecuting attorney or prosecutor's office;

28

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                    Case No. C09-00626 RMW

1    (m)    all documents generated by Defendants or on behalf of the Salinas Police

2           Department.

3    **RESPONSE TO REQUEST NO. 1:**

4           Defendants object to this request to the extent it seeks documents protected by attorney-

5    client and attorney work product privileges.  Defendants further object on the grounds that this

6    request is overbroad, vague, and not narrowly tailored as required by the Court's August 28,

7    2009 Order After Hearing.  Without waiving their objections, Defendants produce documents in

8    response to this request as follows:  D000001-D000549, D001182-D001191. [D000090-

9    D000549, D001182-D001191 are enclosed; D000001-D000089 were already produced to

10   Plaintiffs, on August 31, 2009.]  Plaintiff's counsel can inspect and photograph physical

11   evidence identified in the Salinas Police Department Property Records during normal business

12   hours at the Salinas Police Department by arrangement through Defendants attorneys.

13   REQUEST NO. 2:

14          All DOCUMENTS that comprise or are part of the records of the City of Salinas, Salinas

15   Police Department, and/or part of the personnel file, employment records, and/or

16   complaint/disciplinary history of EACH DEFENDANT HEREIN, FOR TEN (10) YEARS

17   PRIOR TO THE INCIDENT TO THE PRESENT, concerning use of force, use of weapons,

18   firearms, deadly force, Tasers, handling emotionally or mentally disturbed persons, handling

19   persons with disabilities, arrest procedure, racial profiling/discrimination, language capabilities,

20   bias, truthfulness, report writing, code of silence, evidence integrity, officer involved shooting

21   investigation and/or review, and decorum, including but not limited to:

22   (a)    complete complaint and disciplinary DOCUMENTATION;

23   (b)    completed DOCUMENTATION regarding any and all citizen, law enforcement

24          and/or other complaints against each defendant, including all records of any

25          complaints/charges of misconduct, investigation, conclusions, final disposition,

26          review, and any resulting discipline, retraining, or other action taken;

27   (c)    complete DOCUMENTATION concerning all civil lawsuits, administrative

28          proceedings, arbitrations, and/or claims filed pursuant to Cal. Gov. Code §§910 et

4

1    seq., including copies of any/all transcripts of testimony (court, deposition, and

2    otherwise) given by any Defendant herein in such other lawsuits/claims;

3    (d)    complete DOCUMENTATION concerning the reporting and investigation of any

4    use of deadly force with or without injury, and any use of force resulting in injury,

5    by any Defendant herein (including the shooting incident on or about February 3,

6    2009, where Defendant Mattocks fired several gunshots at Adriana Velasquez and

7    Julio Hernandez), including any internal affairs or administrative review, shooting

8    review board or similar review, and all other review by or for the SPD;

9    **RESPONSE TO REQUEST NO. 2:**

10    Defendants object on the grounds that this request is overbroad, vague, and not narrowly

11   tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants object

12   further to the extent that this request seeks material that is privileged, an invasion of privacy, or

13   not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

14    Defendants object and will not produce any documents about any incidents occurring

15   after the incident described in Plaintiffs' complaint.  Without waiving their objections,

16   Defendants produce documents as follows:  D000550-D000610, D000918-D001119, D001128-

17   D001181.

18   REQUEST NO. 3:

19    All DOCUMENTS concerning the hiring, appointment, and promotion of each

20   Defendant, including complete documentation of any investigation into each Defendant's

21   background and fitness to be a law enforcement officer.

22   **RESPONSE TO REQUEST NO. 3:**

23    Defendants object on the grounds that this request is overbroad, vague, and not narrowly

24   tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants further

25   object to the extent this request seeks material that is privileged, an invasion of privacy, or not

26   relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

27   Without waiving these objections, Defendants produce documents as follows:  D000626-

28   D000660.

5

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                    Case No. C09-00626 RMW

1  REQUEST NO. 4:

2         All DOCUMENTS concerning each Defendant's training (at all times) relating to

3  shootings, use of force, use of weapons, firearms, deadly force, Tasers, handling emotionally or

4  mentally disturbed persons, handling persons with disabilities, arrest procedure, racial

5  profiling/discrimination, language translation and/or communicating with monolingual Spanish

6  speakers, bias, truthfulness, report writing, code of silence, evidence integrity, officer involved

7  shooting investigation and/or review, and decorum.

8  **RESPONSE TO REQUEST NO. 4:**

9         Defendants object on the grounds that this request is overbroad, vague, and not narrowly

10  tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants further

11  object to the extent this request seeks material that is privileged or not relevant, and is not

12  reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these

13  objections, Defendants produce documents as follows:  D000661-D000673, D000751-D000776,

14  D000880-D000916.

15  REQUEST NO. 5:

16         All DOCUMENTATION concerning each Defendant's job performance and evaluations

17  FROM TEN (10) YEARS PRIOR TO THE INCIDENT TO THE PRESENT.

18  **RESPONSE TO REQUEST NO. 5:**

19         Defendants object on the grounds that this request is overbroad as to time and not

20  narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants

21  further object to the extent this request seeks material that is privileged or not relevant, and is not

22  reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these

23  objections, Defendants produce documents as follows:  D000674-D000742.

24  REQUEST NO. 6:

25         All DOCUMENTATION concerning awards, commendations, and recognition of each

26  Defendant's accomplishments FROM TEN (10) YEARS PRIOR TO THE INCIDENT TO THE

27  PRESENT.

28

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                                    Case No. C09-00626 RMW

1    **RESPONSE TO REQUEST NO. 6:**

2            Defendants object on the grounds that this request is overbroad as to time and not

3    narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants

4    further object to the extent this request seeks material that is privileged or not relevant, and is not

5    reasonably calculated to lead to the discovery of admissible evidence.  Without waiving their

6    objections, Defendants produce documentation as follows:  D000745-D000750.

7    REQUEST NO. 7:

8            All DOCUMENTATION concerning each Defendant's mental and physical condition at

9    the time of the incident described in the Complaint.

10   **RESPONSE TO REQUEST NO. 7:**

11           Defendants object to this request to the extent it seeks documents protected by the

12   physician-patient and psychotherapist-patient privileges.  Defendants further object on the

13   grounds that this request is overbroad, vague, and not narrowly tailored as required by the

14   Court's August 28, 2009 Order After Hearing, and that it seeks material that is not relevant and

15   is not reasonably calculated to lead to the discovery of admissible material.

16   REQUEST NO. 8:

17           Any and all DOCUMENTS concerning or at all relevant to any formal or informal

18   complaint or investigation made concerning any Defendant herein and/or the Salinas Police

19   Department, from any source, relating to the incident(s) described in the Complaint, including

20   but not limited to all complaints, records of investigation(s), statements from any witness or

21   person interviewed and/or with knowledge concerning the complaint or investigation,

22   investigation logs, findings, conclusions, statements (in every format including written,

23   audiotaped, and videotaped), photos, all records concerning the disposition of any such

24   complaints against Defendants, and all records concerning any counseling, training, and/or

25   discipline anyone received as a result of any such complaint or investigation.

26   **RESPONSE TO REQUEST NO. 8:**

27           Defendants object on the grounds that this request is overbroad, vague, and not narrowly

28   tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants further

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                    Case No. C09-00626 RMW

1   object to this request to the extent it seeks documents protected by the attorney-client and/or

2   attorney work product privileges.  Without waiving their objections, Defendants respond that, to

3   the best of Defendants' knowledge, no such complaints exist.

4   REQUEST NO. 9:

5          Any and all DOCUMENTS reflecting the policies, procedures and/or customs of the

6   Salinas Police Department at the time of the incident described in the Complaint, regarding the

7   following matters:

8          (a)     arrest procedure;

9          (b)     detention procedure;

10         (c)     language translation and/or policies regarding communicating with monolingual

11                 Spanish speakers;

12         (d)     use of force (including with and without weapons);

13         (e)     use of deadly force;

14         (f)     drawing/displaying firearms;

15         (g)     firearms, including approved equipment/ammunition and training standards;

16         (h)     tasers;

17         (i)     handling emotionally or mentally disturbed persons;

18         (j)     handling persons with disabilities;

19         (k)     racial profiling/discrimination;

20         (l)     report procedures/requirements;

21         (m)     truthfulness;

22         (n)     evidence integrity;

23         (o)     decorum;

24         (p)     code of silence;

25         (q)     officers' knowledge of police department policies;

26         (r)     citizen complaint and/or misconduct investigation procedures;

27         (s)     procedures for hiring law enforcement officers, including background

28                 investigations;

8

1     (t)     psychological/psychiatric review of officers;

2     (u)     psychological/psychiatric fitness of officers;

3     (v)     standards for hiring law enforcement officers;

4     (w)     officer-involved shooting investigation/review procedures and protocols;

5     (x)     all matters on which Defendants contend that the policies, procedures and/or

6               customs of the Salinas Police Department governed their conduct in this

7               incident(s).

8  **RESPONSE TO REQUEST NO. 9:**

9     Defendants object on the grounds that this request is not narrowly tailored as required by

10  the Court's August 28, 2009 Order After Hearing.  Without waiving this objection, Defendants

11  produce documents as follows: D000781-D000860, D001120-D001125.

12  REQUEST NO. 10:

13     Any and all DOCUMENTS reflecting the policies, procedures and/or customs of the

14  Salinas Police Department AT THE PRESENT TIME IF SUCH HAVE CHANGED SINCE

15  THE TIME OF THE INCIDENT, regarding the following matters:

16     (a)     arrest procedure;

17     (b)     detention procedure;

18     (c)     language translation and/or policies regarding communicating with monolingual

19               Spanish speakers;

20     (d)     use of force (including with and without weapons);

21     (e)     use of deadly force;

22     (f)     drawing/displaying firearms;

23     (g)     firearms, including approved equipment/ammunition and training standards;

24     (h)     tasers;

25     (i)     handling emotionally or mentally disturbed persons;

26     (j)     handling persons with disabilities;

27     (k)     racial profiling/discrimination;

28     (l)     report procedures/requirements;

9

1       (m)    truthfulness;

2       (n)    evidence integrity;

3       (o)    decorum;

4       (p)    code of silence;

5       (q)    officers' knowledge of police department policies;

6       (r)    citizen complaint and/or misconduct investigation procedures;

7       (s)    procedures for hiring law enforcement officers, including background

8              investigations;

9       (t)    psychological/psychiatric review of officers;

10      (u)    psychological/psychiatric fitness of officers;

11      (v)    standards for hiring law enforcement officers;

12      (w)    officer-involved shooting investigation/review procedures and protocols;

13      (x)    all matters on which Defendants contend that the policies, procedures and/or

14             customs of the Salinas Police Department governed their conduct in this

15             incident(s).

16  **RESPONSE TO REQUEST NO. 10:**

17      Defendants object on the grounds that this request is not narrowly tailored as required by

18  the Court's August 28, 2009 Order After Hearing.  Without waiving this objection, Defendants

19  reply that, to the best of Defendants' knowledge, no such documents exist.

20  REQUEST NO. 11:

21      All DOCUMENTATION relating to the policies, procedures and/or customs of the

22  Salinas Police Department regarding Tasers and use of the Taser in this incident, including but

23  not limited to all documents concerning officers' use and training in Tasers, Taser guidelines and

24  manufacturing specs, and the complete data port log and information for the Taser used in this

25  incident.

26

27

28

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)          Case No. C09-00626 RMW

**RESPONSE TO REQUEST NO. 11:**

Defendants object on the grounds that this request is not narrowly tailored as required by the Court's August 28, 2009 Order After Hearing. Without waiving this objection, Defendants produce documents as follows: D000778-D000780, D001186.

REQUEST NO. 12:

All DOCUMENTATION regarding injury, whether physical or psychological, to any Defendant or other law enforcement officer sustained in, or as a result of, the incident(s) described in the Complaint, including but not limited to all medical records, all psychotherapeutic records, all injury reports and records, all documentation concerning work-related injury and/or worker's compensation claims and/or disability claims, statements, photographs, all records concerning any missed work or disability, and all records related to any such injury including records relating to any preexisting injuries or conditions.

**RESPONSE TO REQUEST NO. 12:**

Defendants object on the grounds that this request is overbroad, vague, and not narrowly tailored as required by the Court's August 28, 2009 Order After Hearing. Defendants further object to the extent this request seeks material that is privileged, an invasion of privacy, or not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants respond that, to the best of Defendants' knowledge, no such documents exist.

REQUEST NO. 13:

All DOCUMENTATION concerning any psychological and/or psychiatric treatment, evaluation and/or testing received by any Defendant addressing any deadly force incident in which Defendant has been involved, including but not limited to all documentation related to Defendants' joint and/or separate meeting(s) with a therapist within 48 hours of the incident.

**RESPONSE TO REQUEST NO. 13:**

Defendants object on the grounds that this request is overbroad, vague, and not narrowly tailored as required by the Court's August 28, 2009 Order After Hearing. Defendants further

11

1 object that this request seeks material that is privileged, an invasion of privacy, violates the

2 psychotherapist-patient privilege, is not relevant, and is not reasonably calculated to lead to the

3 discovery of admissible evidence.

4 REQUEST NO. 14:

5       All DOCUMENTATION concerning psychological and/or psychiatric evaluation and/or

6 testing of any Defendant by, for, or provided to the City of Salinas at any time, including but not

7 limited to complete reports, test results, raw test data, memoranda, correspondence, notes, and all

8 other information.

9 **RESPONSE TO REQUEST NO. 14:**

10       Defendants object on the grounds that this request is overbroad, vague, and not narrowly

11 tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendants further

12 object that this request seeks material that is privileged, an invasion of privacy, violates the

13 psychotherapist-patient privilege, is not relevant, and is not reasonably calculated to lead to the

14 discovery of admissible evidence.

15 REQUEST NO. 15:

16       All DOCUMENTATION concerning this incident and any/all communication, contact,

17 and/or cooperation between the Salinas Police Department and any of the following:  the

18 Monterey County District Attorney's office, the Monterey County Sheriff's Department, any

19 crime laboratory, the California Department of Justice, the United States Department of Justice,

20 Cal-OSHA, the California Labor Commission, the Cal-OSHA Bureau of Investigations, and any

21 other law enforcement agency.

22 **RESPONSE TO REQUEST NO. 15:**

23       Defendants object to this request on the grounds that it is overbroad, vague, and not

24 narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Without

25 waiving their objections, Defendants produce documents as follows: D001194.

26 REQUEST NO. 16:

27       Any and all DOCUMENTATION obtained from any other source (i.e., not generated by

28 Defendants), including the Monterey County District Attorney's office, the Monterey County

12

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)          Case No. C09-00626 RMW

1   Sheriff's Department, any crime laboratory, the California Department of Justice, the United

2   States Department of Justice, Cal-OSHA, the California Labor Commission, the Cal-OSHA

3   Bureau of Investigations, and any other law enforcement agency, regarding the incident(s)

4   described in the Complaint.

5   **RESPONSE TO REQUEST NO. 16:**

6       Defendants object to this request on the grounds that it is overbroad, vague, and not

7   narrowly tailored as required by the Court's August 28, 2009 Order After Hearing. Without

8   waiving their objections, Defendants respond as follows: D000527-D000549.

9   REQUEST NO. 17:

10      All DOCUMENTS relating to this incident(s) and concerning any or all of the following:

11  criminalistics, ballistics, Taser data, crime scene investigation, crime scene reconstruction, blood

12  splatter/spatter evidence, fingerprinting, DNA analysis, and any other forensic investigation

13  and/or reconstruction.

14  **RESPONSE TO REQUEST NO. 17:**

15      Defendants object to this request to the extent it seeks documents protected by attorney-

16  client and attorney work product privileges.  Defendants further object on the grounds that this

17  request is overbroad, vague, and not narrowly tailored as required by the Court's August 28,

18  2009 Order After Hearing.  Without waiving their objections, Defendants produce documents in

19  response to this request as follows: D000001-D000549, D000777, D001182-D001191.

20  [D000090-D000549, D000777, D001182-D001191 are enclosed; D000001-D000089 were

21  already produced to Plaintiffs, on August 31, 2009.]  Plaintiff's counsel can inspect and

22  photograph physical evidence identified in the Salinas Police Department Property Records at

23  the Salinas Police Department by arrangement through Defendants' attorneys.

24  REQUEST NO. 18:

25      All DOCUMENTS relating to the organization of the Salinas Police Department and the

26  chain of command from 2002 to the present, including but not limited to all organizational

27  charts.

28

1    **RESPONSE TO REQUEST NO. 18:**

2        Defendants object to this request on the grounds that it is overbroad, vague, and not

3    narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Without

4    waiving their objections, Defendants produce documents in response to this request as follows:

5    D001126-D001127.

6    REQUEST NO. 19:

7        All DOCUMENTS concerning radio and/or dispatch codes used by the SPD at the time

8    of the incident, including any key or listing of code definitions.

9    **RESPONSE TO REQUEST NO. 19:**

10       In response to this request, Defendant produces documents as follows: D000861.

11   REQUEST NO. 20:

12       The SPD annual reports for all the years from 2002 through 2008.

13   **RESPONSE TO REQUEST NO. 20:**

14       Defendants object to this request on the grounds that it is vague and not narrowly tailored

15   as required by the Court's August 28, 2009 Order After Hearing.  Without waiving their

16   objections, Defendants reply that, to the best of Defendants' knowledge, no such documents

17   exist.

18   REQUEST NO. 21:

19       All DOCUMENTATION relating to any audit and/or independent review of the Salinas

20   Police Department relating to the issues of use of force, deadly force, friendly fire, language

21   translation and/or communications with monolingual Spanish speakers, handling emotionally or

22   mentally disturbed persons, handling persons with disabilities, code of silence, false reporting

23   and/or testimony by officers, or complaint/investigation of officer misconduct, from 2000-

24   present, including but not limited to all DOCUMENTATION concerning any response and/or

25   changes in policy, procedure, or training by the City of Salinas and/or the Salinas Police

26   Department.

27

28

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                              Case No. C09-00626 RMW

1  **RESPONSE TO REQUEST NO. 21:**

2        Defendants object to this request on the grounds that it is vague, overbroad, and not

3  narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Defendant

4  cannot respond to the request.

5  REQUEST NO. 22:

6        All DOCUMENTS concerning any calls for service or police incidents at the residence of

7  Decedent Maria Irma Dela Torre or concerning Maria Irma Dela Torre, including but not limited

8  to 911 and other calls for medical assistance.

9  **RESPONSE TO REQUEST NO. 22:**

10        Defendants object to this request on the grounds that it is vague, overbroad, and not

11  narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Without

12  waiving their objections, Defendants respond as follows: D000862-D000879.

13  REQUEST NO. 23:

14        All DOCUMENTS which Defendants contend support their defenses and/or contentions

15  in this case.

16  **RESPONSE TO REQUEST NO. 23:**

17        Defendants object to this request on the grounds that it is vague, overbroad, and not

18  narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Without

19  waiving their objections, Defendants reply that all affirmative defenses are pled on information

20  and belief and at the instruction of Defendants' attorneys in order to preserve the defenses and

21  protect the interests of the answering defendants.  In answering a complaint, Defendants are

22  required to list whatever defenses a defendant would have that would not otherwise be put at

23  issue.  Defendants have only just commenced the discovery process and have yet to receive any

24  responses to their discovery propounded to Plaintiffs.  As such, Defendants cannot answer this

25  request at this time.  Defendants produce here or have produced all documents referenced in their

26  initial disclosures.

27

28

City's Resp. to M.Dela Torre's Req. for Docs. (Set One)                   Case No. C09-00626 RMW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST NO. 24:

All DOCUMENTS which Defendants may use as evidence, demonstrative aids, or in any other way at trial in this case.

**RESPONSE TO REQUEST NO. 24:**

Defendants object to this request on the grounds that it is vague, overbroad, and not narrowly tailored as required by the Court's August 28, 2009 Order After Hearing.  Without waiving their objections, Defendants reply that Defendants have only just commenced the discovery process and have yet to receive any responses to their discovery propounded to Plaintiffs.  As such, Defendants cannot answer this request at this time.

Dated:  October 9, 2009

LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation


By: _____
        AMANDA M. COHEN
Attorneys for Defendants CITY OF SALINAS,
CITY OF SALINAS POLICE CHIEF DANIEL
ORTEGA, POLICE OFFICER STEVEN
MATTOCKS, and POLICE OFFICER ROBERT
BALAORO

16

City's Resp. to M. Dela Torre's Req. for Docs. (Set One)                    Case No. C09-00626 RMW

CASE NAME:    DeLaTorre, et al. v. City of Salinas, et al.
CASE NO.:  C09-00626 RMW

1

## **PROOF OF SERVICE**

2          I, Gina Forese, declare as follows:  I am employed in the County of Santa Cruz, State of

3   California.  I am over the age of eighteen years and not a party to the within action.  My business

4   address is 38 Seascape Village, Aptos, California 95003.

5          On October 9, 2009, I served the following documents:

6     **Defendants' Responses to Plaintiff Maria Dela Torre's First Request for
      Production of Documents and Things [Documents D000001 thru D001194]**
7

8   on the interested parties to said action by the following means:

9     **X   (BY MAIL)**  By placing a true copy of the above-referenced document(s) enclosed in
      a sealed envelope with postage thereon fully prepaid, in the United States mail at Aptos,
10  California, addressed as shown below.

11    **(BY HAND-DELIVERY)**  By causing to be delivered a true copy thereof, enclosed
      in a sealed envelope, to the address(es) shown below.

12    **(BY OVERNIGHT DELIVERY)**  By placing a true copy thereof, enclosed in a
      sealed envelope, with delivery charges to be billed to the Law Offices of Vincent P.
13  Hurley, to be delivered by Federal Express, to the address(es) shown below.

14    **(BY FACSIMILE TRANSMISSION)**  By transmitting a true copy thereof by
      facsimile transmission from facsimile number (831) 661-4804 to the interested parties to
15  said action at the facsimile number(s) shown below.

16    **(BY E-MAIL)**  I caused the document to be sent to the person(s) at the e-mail
      address(es) listed below.  I did not receive, within a reasonable time after the
17  transmission, any electronic message or other indication that the transmission was
    unsuccessful.
18

19        I declare under penalty of perjury under the laws of the State of California that the foregoing

20  is true and correct.

21        Executed on October 9, 2009, at Aptos, California.

22

23                                                    _____

24                                                    Gina Forese

25  NAMES(S) AND ADDRESS OR FAX NUMBER(S) OF EACH PARTY SERVED:

26                         **(See Attached Service List)**

27

28

Proof of Service                                                                                    M72870

CASE NAME:   DeLaTorre, et al. v. City of Salinas, et al.
CASE NO.:  C09-00626 RMW

1

## SERVICE LIST:

2   Michael J. Haddad, Esq.                    Attorneys for Plaintiff
    Julia Sherwin, Esq.                        MARIA DELA TORRE
3   Haddad & Sherwin
    505 Seventeenth Street                     haddad.sherwin@sbcglobal.net
4   Oakland, CA 94612
    Tel:  (510) 452-5500
5   Fax:  (510) 452-5510

6   Alexis Galindo, Esq.                       Attorneys for Plaintiff
    Curd Galindo & Smith LLP\                  JOSE MAXIMILIANO LICEA ABACA
7   301 East Ocean Blvd., Suite 1700
    Long Beach, CA 90802-4828                  agalindo@cgsattys.com
8   Tel:  (562) 624-1177
    Fax:  (562) 624-1178

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28