1
2
3
4
5
6
7                     UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10   MARIA IRMA DELA TORRE, et al.,        )   Case No.: C 09-0626 RMW (PVT)
                                           )
11              Plaintiffs,                )   **ORDER GRANTING PLAINTIFFS'**
                                           )   **MOTION TO COMPEL PRODUCTION**
12        v.                               )   **OF DOCUMENTS AND DEPOSITION**
                                           )   **TESTIMONY**
13   CITY OF SALINAS, et al.,              )
                                           )   **(Re: Docket No. 26)**
14              Defendants.                )
     _____)
15

16        On March 24, 2010, Plaintiffs filed a motion to compel production of documents and

17   deposition testimony.[1]  Having reviewed the papers submitted by the parties, the court finds it

18   appropriate to issue this order without oral argument.  Based on the moving, opposition and reply

19   papers submitted,

20        IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED.

21        Defendants object to the discovery sought on grounds of relevance and the official

22   information privilege.  Neither objection is well taken.

23        The information sought could lead to discovery of information regarding Defendant

24   Mattocks' motive, intent or preparation (including training) or the absence of mistake or accident,

25   any of which would be admissible under Rule 404(b) of the Federal Rules of Evidence.  It matters

26   not whether the other shooting incident occurred before or after the shooting at issue in this

27   _____

28        [1]     The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                                        ORDER, *page 1*

1    litigation. *See, e.g., United States v. Hinostroza*, 297 F.3d 924, 928 (9ᵗʰ Cir. 2002)  ("[O]ur

2    precedent has squarely resolved in the government's favor the issue that subsequent Rule 404(b)

3    evidence may be relevant and admissible.") citing *United States v. Bibo-Rodriguez*, 922 F.2d 1398,

4    1400 (9ᵗʰ Cir. 1991) ("By its very terms, 404(b) does not distinguish between 'prior' and

5    'subsequent' acts.").  The information sought is thus discoverable (*see* FED.R.CIV.PRO. 26(b)(1)),

6    and Defendants' relevance objection is overruled.

7        Because Plaintiffs have shown the information falls within the scope of discovery, the burden

8    is on Defendants to show the discovery should not be allowed.  *See Oakes v. Halvorsen Marine Ltd.,*

9    179 F.R.D. 281, 283 (C.D.Cal. 1998).  Defendants have not met that burden.

10        Defendants have made no showing that the official information privilege protects the

11    information sought in this motion.  Although Defendants cite to *Kelly v. City of San Jose*, 114 F.R.D.

12    653, 655 (N.D. Cal. 1987), they ignore entirely the requirements set forth therein for asserting the

13    official information privilege.  As the court explained in *Kelly*:

14       "A party that receives a discovery request that would reach material that it
believes is covered by the official information privilege must, within the time
permitted by rule to respond or object, serve and file an objection that invokes the
official information privilege by name. The party must set forth this objection
separately in response to each discovery question or request that would reach material
covered by the privilege.

18       "To properly support each such objection the party also must submit, at the
time it files and serves its response to the discovery request, a declaration or affidavit,
under oath and penalty of perjury, from a responsible official within the agency who
has personal knowledge of the principal matters to be attested to in the affidavit or
declaration.

      * * * *

22       "The affidavit or declaration from the agency official must include: (1) an
affirmation that the agency generated or collected the material in issue and has in fact
maintained its confidentiality (if the agency has shared some or all of the material
with other governmental agencies it must disclose their identity and describe the
circumstances surrounding the disclosure, including steps taken to assure preservation
of the confidentiality of the material), (2) a statement that the official has personally
reviewed the material in question, (3) a specific identification of the governmental or
privacy interests that would be threatened by disclosure of the material to plaintiff
and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted
protective order would create a substantial risk of harm to significant governmental or
privacy interests, (5) and a projection of how much harm would be done to the
threatened interests if the disclosure were made."

28    Defendants have not submitted any declaration of an agency official to support their claim of

official information privilege.  The declaration of Defense counsel is insufficient.  *See Kelly v. City of San Jose*, 114 F.R.D. at 669 ("Nor will an affidavit from the lawyer representing the agency or officers in the litigation suffice.  It is essential that the affidavit come from an official in the affected agency.")  Moreover, even if the declaration were signed by an agency official, it does not address the factors mandated in *Kelly*.  There is no discussion of the governmental or privacy interests that would be threatened by disclosure of the material to Plaintiffs or their attorneys.  There is no description of how disclosure subject to a protective order would create a substantial risk of harm to significant governmental or privacy interests.  And there is no projection of how much harm would be done to the threatened interests if the disclosure were made.

Instead of making the showing required by *Kelly*, Defendants urge the court to apply the standards applicable to California Public Records Act cases.  Defendants cite no case where a federal court has applied those standards to a motion to compel in a federal civil rights action, and the court is aware of none.  On the contrary, federal courts continue to apply the *Kelly* standards.  *See, e.g., Watson v. Albin*, 2008 WL 1925257 (N.D.Cal. 2008) ("For official information privilege, this court uses the *Kelly* five prong standard.")

Defendant's failure to comply with the foregoing *Kelly* requirements is fatal to their official information privilege objection, and that objection is therefore overruled.

Because the court is overruling Defendants' only objections to the discovery at issue in this motion, an order compelling production of documents responsive to Request No. 2, as well as answers to deposition questions regarding any other shooting incidents involving Defendant Mattocks, is warranted.

IT IS FURTHER ORDERED that Defendants shall produce all documents responsive to Request No. 2 within two weeks of this order.  The parties shall promptly meet and confer regarding a date to resume the deposition of Defendant Mattocks for the prupose of answering questions regarding any other shooting incident in which he has been involved.

Dated: *5/18/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge